UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ALBERTO MIJANGOS and GEORGE LOUIS MONTALVAN,<br><br>Defendants. | No. 2:25-CV-02327-DSF-AGR<br><br>PERMANENT INJUNCTION AGAINST DEFENDANT LUIS ALBERTO MIJANGOS |

The Court, having considered the Amended Stipulation for Entry of Permanent Injunction Against Defendant Luis Alberto Mijangos entered into by Plaintiff United States of America and defendant Luis Alberto Mijangos, and good cause being shown, the Court finds:

1. The Amended Stipulation is APPROVED.

2. The Court has subject matter jurisdiction over this action and personal jurisdiction over Mijangos.

3. Mijangos has waived the entry of findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure, consents to the entry of this permanent injunction, and agrees to be bound by its terms.

4. This permanent injunction is entered under Fed. R. Civ. P. 65 and will result in the entry, without further notice, of a final judgment against Mijangos in this matter.

5. The parties waive their right to appeal from this permanent injunction.

6. The parties shall bear their own costs, including any attorneys' fees or other expenses of this litigation.

7. The Court retains jurisdiction for the purpose of implementing and enforcing this permanent injunction.

8. If Mijangos or any person employed, contracted, or acting in concert with him violate this permanent injunction, they may be subject to civil and criminal sanctions for contempt of court.

9. In addition to the specific directives in this permanent injunction, Mijangos must preserve all pertinent documents in his possession, including tax returns, information returns, correspondence, working papers, or any other documents connected to his tax preparation activities, whether stored electronically or on paper, as required by the Internal Revenue Code.

10. The United States may conduct full post-judgment discovery to monitor Mijangos' compliance with this permanent injunction.

11. Entry of this permanent injunction resolves this civil action only against Mijangos and does not preclude the government from pursuing any other current or future civil or criminal matters or proceedings.

12. There is no just reason for delay as to the entry of this permanent injunction against Mijangos.

The Court therefore **ORDERS and DECREES** that:

1. Pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, Mijangos and anyone in active concert or participation with him are **PERMANENTLY ENJOINED**, directly or indirectly, or by use of any means or instrumentality, from:

   A. Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of a federal tax return for any person or entity other than Mijangos;

   B. Representing in any capacity any person or organization whose tax liabilities are under IRS examination or investigation;

   C. Owning, managing, controlling, working for, profiting from, or volunteering for any business, entity, or organization engaged in tax-return preparation or filing;

   D. Using, maintaining, renewing, obtaining, transferring, selling, or assigning any preparer tax identification number (PTIN) or electronic filing identification number (EFIN);

   E. Engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6700, or 6701, including preparing or assisting in the preparation of a document relating to a matter material to the internal revenue laws that includes a position that Mijangos knows would result in the understatement of another person's tax liability;

   F. Engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws; and

   G. Obtaining, using, or retaining any other person's Social Security number, EFIN, PTIN, or any other federal tax identification number or federal tax return information.

  2. Within 30 days of the entry of this permanent injunction, Mijangos shall:

   A. Surrender to the IRS all existing PTINs or EFINs registered in his name or in any name used for any purpose by Mijangos; and

   B. Notify, in writing, the public and any current or former tax-preparation customers or employees of this permanent injunction.

  3. The United States is entitled to post-judgment discovery to monitor Mijangos' compliance with the injunction.

  4. The Court retains jurisdiction over this action for purposes of implementing and enforcing this permanent injunction and any additional orders necessary and appropriate to the public interest.

5. Mijangos is excused from further participation in any status conference, mediation, pretrial conference, and related filings, with respect to any remaining claims against other defendants.

6. Mijangos shall be treated as a nonparty for purposes of trial of any remaining claims against other defendants, subject to being called as a witness pursuant to a subpoena under Fed. R. Civ. P. 45.

**IT IS SO ORDERED.**

Dated: January 7, 2026

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE